**M.H. and J.H., on their own behalf and on behalf of their daughter L.H., Plaintiffs–Appellees,**

v.

**MONROE–WOODBURY CENTRAL SCHOOL DISTRICT, Defendant– Appellant.**

No. 07–1571–cv.

United States Court of Appeals, Second Circuit.

Oct. 7, 2008.

Michael H. Sussman, Sussman & Watkins, Goshen, NY, for Plaintiffs–Appellees.

James P. Drohan, Donoghue, Thomas, Auslander & Drohan, Hopewell Junction, NY, for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

This case involves the nature of a school district's obligations under the Individuals with Disabilities Education Act ("IDEA") to pay for a teenager with emotional and educational disabilities to reside at a private treatment facility. Plaintiffs–Appellees, M.H. and J.H., on their own behalf and on behalf of their daughter L.H. ("Appellees" or "Parents"), initiated an IDEA action alleging that Defendant–Appellant, the Monroe–Woodbury Central School District ("Appellant" or "School District"), failed to provide their child with a free and appropriate education. They seek reimbursement for placing their daughter at the Family Foundation School, a residential private school. The School District contends that the Summit School, a private therapeutic high school where L.H. was enrolled in the day-program, was sufficient to meet its obligation under the IDEA of providing a meaningful education without being too restrictive as is prohibited by the IDEA.

Both the Impartial Hearing Officer ("IHO") and the New York State Education Department's State Review Officer ("SRO") found that the Summit School was an appropriate placement for the child and met the requirements of the IDEA. The United States District Court for the Southern District of New York (Brieant, *J.*) reversed these administrative decisions and granted summary judgment for Parents, finding that the Summit School day-program was inadequate, and that the Family Foundation School's residential program met the requirements set by the IDEA. The School District appeals this judgment. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

We review the District Court's award of summary judgment *de novo. Cerra v. Pawling Cent. Sch. Dist.,* 427 F.3d 186, 191 (2d Cir.2005). Whether the District Court correctly applied the IDEA's provisions to the facts of a particular case is a mixed question of law and fact, which we also review *de novo. Id.* In reviewing this case, we are aware that "IDEA's statutory scheme requires substantial deference to state administrative bodies on matters of educational policy." *Id.* (citing *Bd. of Educ. v. Rowley,* 458 U.S. 176, 205–08, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982)). Although we "must engage in an independent review of the administrative record and make a determination based on a preponderance of the evidence, the Supreme Court has cautioned that such review is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Id.* at 191–92 (internal quotation marks and citation omitted). Accordingly, we give "due weight" to these administrative proceedings, "mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *Walczak v. Fla. Union Free Sch. Dist.,* 142 F.3d 119, 129 (2d Cir.1998) (internal quotation marks omitted). Judicial deference to the administrative proceedings "is particularly appropriate when, as here, the state hearing officers' review has been thorough and careful," *id.,* and "the district court's

decision is based solely on the administrative record." *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 113 (2d Cir.2007).

Appellant contends that the District Court erred in finding that it had to provide a residential program for the student in order to meet its obligations under the IDEA. The IDEA states that a school district must provide each child with a "free appropriate public education." 20 U.S.C. § 1412(a)(1)(A). School districts are not, however, required to give services that would enable handicapped children to maximize their potential "commensurate with the opportunity provided other children." *Rowley*, 458 U.S. at 198, 102 S.Ct. 3034 (internal quotation marks and citation omitted). Instead, the IDEA requires that the educational plan be reasonably calculated to enable the child to receive "meaningful" educational benefits. *Id.* at 192, 102 S.Ct. 3034. Moreover, special education and related services must be given in the "least restrictive setting consistent with a child's needs." *Walczak*, 142 F.3d at 122.

The standard for when a school district has to place a child in a residential setting was established by our Circuit in *Mrs. B. v. Milford Bd. of Educ.*, 103 F.3d 1114 (2d Cir.1997), which held that the state has to fund a residential program when it is necessary for the child to make "meaningful educational progress." *Id.* at 1122. Courts have held that "when the medical, social or emotional problems that require [a residential setting] create or are intertwined with the educational problem, the states remain responsible for the costs of the residential placement." *Id.* at 1120 (internal quotation marks and citation omitted). As a result, the central inquiry is whether the student's conduct outside of the school building and outside the normal hours of the school day is such that it impedes her ability to derive an academic benefit from a day program.

To answer the question of whether the child is likely to make progress or regress under a proposed day-program, a court must examine the record for "objective evidence," such as test scores, grades, and other similar "objective" criteria. *Walczak*, 142 F.3d at 130; *see also Cerra*, 427 F.3d at 195 (cautioning that to avoid impermissibly meddling in state education methodology, a district court must examine the record for objective evidence indicating whether the student is or is likely to be progressing or regressing in the proposed educational setting). In general, the Second Circuit requires that a court point to objective evidence of a child's regression in a day-program before finding that a residential placement is required by the IDEA. *Walczak*, 142 F.3d at 131–32 (citing examples of Ninth, Third, and First Circuit cases that take the same approach).

In the instant case, the administrative record reveals that the child was progressing, not regressing, in the day-program at the Summit School. Not only do her grades reflect that she was achieving academically, but reports from certified counselors demonstrate that she was making improvements in her social and emotional problems as well. Moreover, none of several psychological reports suggested that, in order to advance academically, the child needed a residential program to deal with her emotional problems. Though the Parents were understandably worried about the stability of their daughter's mental health, and whether relapses into past emotional difficulties would upset her education in the future, no testimony by certified experts supported their fears. We find no substantial evidence to reverse the findings of the administrative hearing officers, to which we give "due weight," *Walc-*

*zak,* 142 F.3d at 129, and therefore find that the Summit School day-program provided the child with an education that met the standards set forth in the IDEA. Because we find that the Summit School is an appropriate educational placement, we need not evaluate whether the Family Foundation School would alternatively have been an appropriate placement.

We have considered all of the parties' arguments and examined the administrative record. For the foregoing reasons, the judgment of the District Court is REVERSED.